**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION**

| | | |
|---|---|---|
| **REGINA A. CEASER,** | ) | **CASE NO.: 6:18-cv-984** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **JURY TRIAL** |
| | ) | |
| **DILLARD'S** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S EXCEPTIONS AND ANSWER
TO PLAINTIFF'S COMPLAINT FOR DAMAGES**

Defendant Dillard Department Stores, Inc., (incorrectly named as Dillard's) files their Affirmative Defenses and Answer to Plaintiff's Complaint for Damages as follows

**FIRST AFFIRMATIVE DEFENSE**

1. Defendant Dillard Department Stores, Inc. (incorrectly named as Dillard's) asserts that this court has no jurisdiction over Plaintiff's claims due to an Arbitration Agreement that mandates that all claims and allegations of the type made by Plaintiff in her complaint be resolved via binding arbitration.

**SECOND AFFIRMATIVE DEFENSE**

Defendant answers the numbered paragraphs of Plaintiff's Complaint for Damages as follows:

2. Defendant asserts that no response is necessary to paragraph 1 of Plaintiff's Complaint as it calls for a legal conclusion. Regardless, Defendant denies that it is liable to Plaintiff.

3. Defendant denies the allegations in paragraph 2 of the Complaint and asserts that this court does not have jurisdiction over Plaintiff's claims and allegations.

4. Defendant denies the allegations in paragraph 3 of the Complaint.

5. Defendant admits that Plaintiff was employed by Dillard Department Stores, Inc. and denies the remaining allegations in paragraph 4 or the Complaint or that it is liable to Plaintiff.

6. Defendant denies the allegations in paragraph 5 for lack of knowledge.

7. Defendant admits it employed more than 100 employees and denies the remaining allegations in paragraph 6 of the Complaint.

8. Defendant admits that Plaintiff was an employee of Dillard Department Stores, Inc. for a period of time and denies the remaining allegations in paragraph 7.

9. Defendant admits that Plaintiff was an employee of Dillard Department Stores, Inc. for a period of time and denies the remaining allegations in paragraph 8.

10. Defendant denies the allegations in paragraph 9 as written.

11. Defendant denies the allegations in paragraph 10.

12. Defendant denies the allegations in paragraph 11.

13. Defendant denies the allegations in paragraph 12.

14. Defendant denies the allegations in paragraph 13.

15. Defendant denies the allegations in paragraph 14.

16. Defendant denies the allegations in paragraph 15.

17. Defendant denies the allegations in paragraph 16.

18. Defendant denies the allegations in paragraph 17.

19. Defendant denies the allegations in paragraph 18.

20. Defendant denies the allegations in paragraph 19.

21. Defendant denies the allegations in paragraph 20.

22. Defendant denies the allegations in paragraph 21.

23. Defendant denies the allegations in paragraph 22.

24. Defendant denies the allegations in paragraph 23.

25. Defendant denies the allegations in paragraph 24.

26. Defendant denies the allegations in paragraph 25.

27. Defendant denies the allegations in paragraph 26.

28. Defendant denies the allegations in paragraph 27.

29. Defendant denies the allegations in paragraph 28.

30. Defendant denies the allegations in paragraph 29.

31. Defendant denies the allegations in paragraph 30.

32. Defendant denies the allegations in paragraph 31.

33. Defendant denies the allegations in paragraph 32.

34. Defendant admits that Plaintiff has filed charges with the EEOC, denies that it is liable to Plaintiff for any claims in any charge and denies the remaining allegations in paragraph 33.

35. Defendant denies the allegations in paragraph 34.

36. Defendant denies the allegations in paragraph 35.

37. Defendant denies the allegations in paragraph 36.

38. Defendant denies the allegations in paragraph 37.

39. Defendant denies the allegations in paragraph 38.

40. Defendant denies the allegations in paragraph 39.

41. Defendant denies the allegations in paragraph 40.

42. Defendant denies the allegations in paragraph 41.

43. Defendant denies the allegations in paragraph 42.

44. Defendant denies the allegations in paragraph 43.

45. Defendant denies the allegations in paragraph 44.

46. Defendant denies the allegations in paragraph 45.

47. Defendant denies the allegations in paragraph 46.

48. D Defendant admits that Plaintiff was terminated and denies the remaining allegations in paragraph 47 as written.

49. Defendant denies the allegations in paragraph 48.

50. Defendant denies the allegations in paragraph 49.

51. Defendant denies the allegations in paragraph 50.

52. Defendant denies the allegations in paragraph 51.

53. Defendant denies the allegations in paragraph 52.

54. Defendant denies the allegations in paragraph 53.

55. Defendant denies the allegations in paragraph 54.

56. Defendant denies the allegations in paragraph 55.

57. Defendant denies the allegations in paragraph 56.

58. Defendant denies the allegations in paragraph 57.

59. Defendant denies the allegations in paragraph 58.

60. Defendant denies the allegations in paragraph 59.

61. Defendant denies the allegations in paragraph 60.

62. Defendant denies the allegations in paragraph 61.

63. Defendant denies the allegations in paragraph 62.

64. Defendant denies the allegations in paragraph 63.

65. Defendant denies the allegations in paragraph 64.

66. Defendant denies the allegations in paragraph 65.

67. Defendant denies the allegations in paragraph 66.

68. Defendant denies all allegations in Plaintiff's prayer for damages.

69. Defendant requests a trial by jury on all issues.

### THIRD AFFIRMATIVE DEFENSE

70. The Complaint, and each purported claim contained therein, fails to allege facts sufficient to state a claim upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE

71. Complaint, and each purported claim contained therein, fails to state a claim upon which relief can be granted.

### FIFTH AFFIRMATIVE DEFENSE

72. The Complaint, and each purported claim contained therein, is barred in whole or in part because all decisions with respect to Plaintiff's employment were made by Defendant for legitimate, non-discriminatory, non-pretextual reasons.

### SIXTH AFFIRMATIVE DEFENSE

73. Defendant did not commit the acts or omissions as alleged in the Complaint for discriminatory motives, but assuming that it did, such acts or omissions would have been taken in any event for legitimate, nondiscriminatory, non-pretextual reasons.

### SEVENTH AFFIRMATIVE DEFENSE

74. Plaintiff is estopped from pursuing the claims in the Complaint, and each purported claim contained therein, by reason of the Plaintiff's own actions and course of conduct.

### EIGHTH AFFIRMATIVE DEFENSE

75. Plaintiff has waived her right, if any, to pursue the claims in the Complaint, and each purported claim contained therein, by reason of her own actions and course of conduct.

## NINTH AFFIRMATIVE DEFENSE

76. The Complaint, and each purported claim contained therein, is barred by the doctrine of laches.

## TENTH AFFIRMATIVE DEFENSE

77. The Complaint, and each purported claim contained therein, is barred by the doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

78. The Complaint, and each purported claim therein, is barred, in whole or in part, because Defendant exercised reasonable care to prevent and correct promptly any alleged discriminatory and/or retaliatory behavior.

## TWELFTH AFFIRMATIVE DEFENSE

79. To the extent that any of the alleged wrongs were committed by others, any and all such claims are barred as against Defendant in their entirety.

## THIRTEENTH AFFIRMATIVE DEFENSE

80. To the extent that Plaintiff has agreed to arbitrate any or all of the purported claims asserted in the Complaint, the Complaint violates such agreements to arbitrate and the Complaint should be dismissed and/or stayed and Plaintiff should be compelled to arbitrate.

## FOURTEENTH AFFIRMATIVE DEFENSE

81. Plaintiff's claims under 42 U.S.C. § 1981 are barred in whole or in part by all applicable statutes of limitation, including but not limited to 28 U.S.C. § 1658.

## FIFTEENTH AFFIRMATIVE DEFENSE

82. Plaintiff's claims under 42 U.S.C. § 1981 are barred in whole or in part by all applicable statutes of limitation, including but not limited to the Louisiana prescription periods.

### SIXTEENTH AFFIRMATIVE DEFENSE

83. Plaintiff's Title VII claims are barred because Plaintiff failed, in whole or in part, to exhaust all available administrative remedies, and/or otherwise failed to comply with the statutory prerequisites to the bringing of this action, pursuant to Title VII of the Civil Rights Act of 1964. 42 U.S.C. §§ 2000e *et seq.*

### SEVENTEETH AFFIRMATIVE DEFENSE

84. To the extent that Plaintiff makes allegations or claims under Title VII with respect to a time period more than 300 days before Plaintiff allegedly filed a charge with the Equal Employment Opportunity Commission (""EEOC''), or which were not made the subject of a timely EEOC charge, such allegations or claims are barred. 42 U.S.C. §§ 2000e-5€€

### EIGHTEENTH AFFIRMATIVE DEFENSE

85. To the extent that Plaintiff makes allegations or claims under Title VII, and failed to file a civil action within ninety (90) days after receiving notice of a right to sue from the EEOC, such allegations or claims are barred. 42 U.S.C. §§ 2000e-5(f).

### NINETEENTH AFFIRMATIVE DEFENSE

86. Plaintiff's Title VII claims are barred to the extent that the allegations contained therein do not reasonably fall within the scope of claims made in any administrative charge timely filed by Plaintiff with the EEOC.

### TWENTYIETH AFFIRMATIVE DEFENSE

87. Some or all of Plaintiff's Title VII claims are barred due to the EEOC's failure to endeavor to eliminate the alleged unlawful employment practice by informal methods of conference, conciliation or persuasion, as required by 42 U.S.C. § 2000e-5(b).

### TWENTY FIRST AFFIRMATIVE DEFENSE

88. Plaintiff's Title VII claims are barred because any alleged differential treatment of Plaintiff by Defendant was undertaken pursuant to a *bonafide* merit system, *bonafide* seniority system, or *bonafide* factors other than gender, race or national origin. 42 U.S.C. § 2000e-2(h).

### TWENTY SECOND AFFIRMATIVE DEFENSE

89. Plaintiff's claims for damages (and certain categories of damages, and the amounts thereof recoverable) are limited by the applicable limit(s) on statutory damages, including but not limited to those limits set forth in 42 U.S.C. § 1981a(b)(3) for claims under Title VII. *See* 42 U.S.C. §§ 1981a(a)(l) and (b)(3); 42 U.S.C. § 2000e.

### TWENTY THIRD AFFIRMATIVE DEFENSE

90. The Complaint, and each and every purported claim alleged therein, is barred because Plaintiff has failed to mitigate or reasonably attempt to mitigate her damages, if any, as required by law.

### TWENTY FOURTH AFFIRMATIVE DEFENSE

91. The Complaint, and each and every purported claim alleged therein, is barred because any recovery from Defendant would result in a Plaintiff's or a putative class member's unjust enrichment.

### TWENTY FIFTH AFFIRMATIVE DEFENSE

92. Plaintiff may be barred, in whole or in part, from recovery of damages as alleged and prayed for in the Complaint by the after-acquired evidence doctrine.

### TWENTY SIXTH AFFIRMATIVE DEFENSE

93. Defendant alleges that it has not engaged in intentional discrimination with respect to Plaintiff, and Defendant therefore cannot be liable for punitive damages.

## TWENTY SEVENTH AFFIRMATIVE DEFENSE

94. Defendant alleges that it has not acted with malice, reckless indifference or fraud toward Plaintiff and, therefore, Defendant cannot be liable for punitive damages.

## TWENTY EIGHTH AFFIRMATIVE DEFENSE

95. Plaintiff is not entitled to recover any punitive or exemplary damages as prayed for in the Complaint, and any allegations with respect thereto should be stricken, because Louisiana's laws regarding the alleged conduct in question in this action do not allow for recovery of punitive damages, and because any award of punitive or exemplary damages as applied to the facts in this case, would violate Defendant's constitutional rights under provisions of the United States and Louisiana Constitutions, including, but not limited to, the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution, and the excessive fines and cruel and unusual punishment clauses of the Eighth Amendment to the United States Constitution.

## TWENTY NINTH AFFIRMATIVE DEFENSE

96. Plaintiffs is not entitled to receive punitive damages because, even if she was able to establish that any individual manager allowed unlawful bias to affect any employment decision, which Defendant expressly denies, Defendant, in light of its good faith efforts to prevent bias, is not liable for punitive damages based on any such individual decision.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by reason of Plaintiff's Complaint, that the Complaint be dismissed in its entirety with prejudice, and that judgment be entered for Defendant;

2. That Defendant be awarded its reasonable costs and attorneys' fees; and

3. That Defendant be awarded such other and further relief as the Court deems just and proper.

Respectfully submitted,

 */s/ Mark R. Pharr, III*
Mark R. Pharr, III
State Bar No. 21019
Federal Bar No. 12919

OF COUNSEL:
GALLOWAY, JOHNSON, TOMPKINS
BURR & SMITH
328 Settlers Trace Blvd
Lafayette, Louisiana 70508
(337) 735-1760 – Telephone
(337) 993-0933 – Facsimile
tiger@gallowaylawfirm.com – email
**ATTORNEY FOR DEFENDANT,
DILLARD DEPARTMENT STORES, INC.**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 11th day of September, 2018, undersigned electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record.

 */s/ Mark R. Pharr, III*
Mark R. Pharr, III