# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

**CEASER**  CASE NO. 6:18-CV-00984

**VERSUS**  JUDGE MICHAEL J JUNEAU

**DILLARDS DEPARTMENT STORE**  MAGISTRATE JUDGE WHITEHURST

## ORDER

Before the Court is a Motion to Dismiss and Compel Arbitration filed by Defendant, Dillard's, [Rec. Doc. 8] and a Consent to Arbitration filed by Plaintiff, Regina Ceaser [Rec. Doc. 14].

Plaintiff filed this action under the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended by the Civil Rights Act of 1991 ("Title VII"), 42 U.S.C. §1981 ("Section 1981") and the Louisiana Employment Discrimination Law, Louisiana Revised Statute 23:323, alleging employment claims based on racial and disability discrimination and retaliation against her former employer Dillard's. Dillard's filed the instant motion contending that upon her employment Plaintiff executed an Arbitration Agreement with Dillard's to submit all employment-related disputes to arbitration. *R. 8.* Dillard's moves the Court to order Plaintiff's claims must go to arbitration and to dismiss this action, or alternatively, to stay the suit. In response to Dillard's motion, Plaintiff consents to arbitration as well as a stay of this suit. *R. 14.*

Based on Dillard's motion and memorandum in support thereof, relying on the Affidavit of Nanette Savage Coley, Dillard's Administrative Assistant to the Vice President and General Counsel, *R. 8-3, Aff. Of Coley,* the Court finds that (1) the parties entered into a valid and enforceable agreement to arbitrate, and (2) Plaintiff's claims fall within the scope of the Arbitration Agreement. *See OPE Intern. LP v. Chet Morrison Contractors, Inc*., 258 F.3d 443, 446 (5th Cir. 2001). The parties do not identify any federal statute or policy foreclosing arbitration of Plaintiff's claims, and the Court is not aware of one. *Id.* Also, Plaintiff requests that this case be stayed pending arbitration and Dillard's does not object to a stay.

Accordingly,

**IT IS ORDERED** that Dillard's **UNOPPOSED** Motion to Dismiss and Compel Arbitration [Rec. Doc. 8] is **GRANTED IN PART AND DENIED IN PART**. Dillard's Motion to Compel Arbitration is GRANTED. It's Motion to Dismiss it DENIED.

**IT IS FURTHER ORDERED** that the Clerk of Court administratively close this action in his records without prejudice to the right of the parties to file a joint motion to reopen the proceedings within thirty (30) days of the date the Arbitrator renders a decision in this matter. This order shall not be considered a dismissal or disposition of this matter, and should further proceedings in it become necessary or desirable, any party may initiate it in the same manner as if this order had not been entered.

**THUS DONE AND SIGNED** this 27th day of December, 2018.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE